#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF NEW MEXICO

JAYE PHILLIPS,

        Plaintiff,

v.                                                    Cause No. 1:21-cv-490

PILOT CORPORATION, Inc.,
A Foreign Corporation, and
PILOT TRAVEL CENTERS LLC,
A Foreign Corporation.

        Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a), and in accordance with the procedures specified under 28 U.S.C. § 1446(b)(3) and Rule 81.1 of the Local Rules of Civil Procedure of the United States District Court for the District of New Mexico ("Local Rules"), Pilot Corporation (improperly identified in the caption as "Pilot Corporation, Inc.") and Pilot Travel Centers LLC hereby give Notice of Removal to this Court of the civil action filed by Jaye Phillips in the First Judicial District for the State of New Mexico, County of Rio Arriba, No. D-117-CV-2021-00139. In support of this Notice of Removal, Defendants state as follows:

### INTRODUCTION

1.       Jaye Phillips is the Plaintiff in this lawsuit. Pilot Corporation and Pilot Travel Centers, LLC are the Defendants.

2.       Plaintiff commenced this lawsuit on April 28, 2021. A copy of its *Complaint for Personal Injury* (the "Complaint") is attached as **Exhibit A**.

3.       Pilot was served with this lawsuit on May 5, 2021 by process server to its registered agent.

4. This Notice of Removal is filed within thirty (30) days of service.

5. As required by 28 U.S.C. §1446(a), a copy of all process, pleadings and orders served upon Defendants are filed with this Notice of Removal. As required by Local Rule 81.1, legible copies of records and proceedings from the state court action that are not provided with this Notice will be filed with the Clerk of Court within twenty-eight days after this Notice of Removal is filed.

6. A filed copy of this Notice of Removal will be given to all adverse parties and will be filed with the Clerk of the First Judicial District Court, County of Rio Arriba, State of New Mexico in compliance with 28 U.S.C. § 1446(d).

## BASIS FOR REMOVAL – 28 U.S.C. § 1332(A)

7. Removal of this case is proper based upon diversity of citizenship, as "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. §1332(a).

**The Parties are Diverse Citizens.**

8. The Complaint states that Plaintiff is a resident of the State of California (*See* Complaint at ¶ 1.)

9. Pilot Travel Centers LLC is a limited liability company organized under the laws of the State of Delaware. (Ex. B, Affidavit of Authorized Pilot Representative). Pilot Travel Centers LLC has four members: (1) National Indemnity Company; (2) Pilot Corporation; (3) BDT I-A Plum Corp.; and (4) FJM Investments LLC. (Ex. B).

10. National Indemnity Company is a foreign corporation incorporated under the state laws of Nebraska. Its principal place of business is 3555 Farnam Street, Suite 1440, Omaha, Nebraska, 68131. (Ex. B).

11. Pilot Corporation is a foreign corporation organized under the state laws of Tennessee. Its principal place of business is located at 5508 Lonas Road, Knoxville, TN 37909. (Ex. B).

12. BDT I-A Plum Corp. is a foreign corporation incorporated under the state laws of Delaware. Its principal place of business is located at 3555 Farnam Street, Suite 1440, Omaha, Nebraska, 68131. (Ex. B).

13. FJM Investments LLC is a foreign limited liability company organized under the state laws of Utah. Its principal place of business is located at 185 S. State Street, Suite 1300, Salt Lake City, Utah, 84111. FJM Investments LLC has one member: FJ Management Inc. FJ Management Inc. is organized under the state laws of Utah and shares the same principal place of business as FJM Investments LLC. (Ex. B).

14. No member of Pilot Travel Centers LLC is a citizen of New Mexico or California. (Ex. B).

15. For diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (2006); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990). The citizenship of a limited liability company is determined by the citizenship of all of its members, and a limited liability company is a citizen of the state in which it is formed if one of its members is a citizen of that state. *See, e.g., THI of New Mexico at Hobbs Center, LLC v. Patton*, 851 F.Supp.2d 1281, 1285-86 (D.N.M. 2011).

16. Diversity of citizenship exists between Plaintiff, Pilot Corporation and each of the members of Pilot Travel Centers LLC.

**Amount in Controversy Exceeds $75,000.**

17. The Tenth Circuit "require[s] a specific allegation that damages exceed the federal jurisdictional amount of $75,000." *Paros Properties, LLC v. Colorado Casualty Insurance Company,* 835 F.3d 1264, 1269 (10th Cir. 2016).

18. The Complaint does not specify the amount of damages it seeks, stating only that it seeks "medical expenses, past and future; non-medical expenses; the nature, extent and duration of Plaintiff's injury; pain and suffering, past and future; physical and mental anguish, past and future; loss of enjoyment of life; loss of household services; the value of lost earnings and the present cash value of earning capacity relatively certain to be lost in the future; [and] lost income." (Complaint at WHEREFORE paragraph).  Additionally, the Complaint seeks punitive damages, and pre-judgment and post-judgment interest. (*Id.*).

19. Prior to filing his Complaint herein, Plaintiff presented a demand letter to Pilot. Based on Plaintiff's pre-litigation demand, the amount in controversy requirement of 28 U.S.C. § 1332(a) is met.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)("defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

### TIMELINESS OF REMOVAL – 28 U.S.C. § 1446(B)(3)

20. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(3), having been filed within thirty days after service of the Complaint.

21. The Civil Cover Sheet is filed with this Notice of Removal is attached hereto as **Exhibit C**.

4

## CONCLUSION

This Notice of Removal is submitted as proper under 28 U.S.C. § 1441(a) and 28 U.S.C. §1332(a), as timely under 28 U.S.C. §1446(b)(3) and filed in accordance with the procedures specified under 28 U.S.C. §§1446(a) and Rule 81.1 of the Local Rules of Civil Procedure of the United States District Court for the District of New Mexico.

                Respectfully submitted,

                YLAW, P.C.

                */s/ April D. White*
                April D. White
                *Attorneys for Defendants*
                4908 Alameda Blvd NE
                Albuquerque, NM  87113-1736
                (505) 266-3995
                awhite@ylawfirm.com

I hereby Certify that a true copy of the
foregoing pleading was electronically sent to:

Kate Ferlic
Brian Egolf
Egolf+Ferlic+Martinez+Harwood, LLC
123 W. San Francisco Street, Second Floor
Santa Fe, NM 87501
(505) 986-9641
Kate@EgolfLaw.com
Brian@EgolfLaw.com

and

Robert Mandell
The Mandell Law Firm
5950 Canoga Ave, Ste. 605
Woodland Hills, CA 91367
(818) 886-6600
rob@Mandelltrial.com
*Pro Hac Vice Pending*

*Attorneys for Plaintiff*

on this 28th day of May, 2021.

*/s/ April D. White*
April D. White